### Chicago City Railway Co. v. Andrew Rosenberger.

1. TRESPASSERS—*Who Are Not.*—A person who enters the office of another for the purpose of lodging a complaint against one of its employes is not a trespasser, although he has inadvertently entered the wrong place.

**Trespass on the Case,** for an assault. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed November 17, 1903.

JOHN W. BYAM, attorney for appellant.

CHARLES A. KLOTZ and HAYNIE R. PEARSON, attorneys for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This is an appeal from a judgment for $1,000, recovered by appellee against appellant on account of two assaults alleged to have been committed upon the former by a conductor of the latter.

Some time after twelve o'clock midnight on May 24, 1900, appellee became a passenger on one of appellant's street cars going south on State street, in Chicago. Soon after boarding the car, trouble arose between him and the conductor, resulting in an encounter between them, whereby his nose was made to bleed and his clothing disarranged. At Thirty-ninth street he left the car and upon another one, rode to appellant's car-barns at Sixty-first street to make a complaint against the conductor. Here another altercation took place between the two, the conductor at the time of appellee's appearance in the barns being engaged in making a written report of the trouble he had had with appellee on the car. As a result of the second altercation one of appellee's ribs was broken, and he received a pair of black eyes and a bruised face.

To the declaration appellant pleaded the general issue and two special pleas, the first one alleging that appellee assaulted the conductor, who laid his hands on him in self-defense. The second alleged disorderly conduct by appellee on the car and an attempt by the conductor in consequence thereof to remove him, which attempt was resisted by appellee.

First. It is strenuously insisted that the verdict is against the evidence. It will subserve no useful purpose to discuss it and show why, in our opinion, the point is not well taken. The proof was greatly conflicting and the jury solved the conflict in the light of long and clear instructions given for appellant. They cover ten pages of the printed abstract. After an eminently fair trial the presiding judge approved the finding of the jury, and no reason is perceived why this court should differ from his conclusions.

Second. The damages are claimed to be excessive without including in the assessment the injuries received by appellee at the barns, and for these it is argued appellant is not liable because they were inflicted by the conductor outside of the scope of his employment and because then and there appellant owed no duty of protection to appellee.

As regards the first objection it is sufficient to say that the conductor was at work for and in the business of the company and upon its premises at the very place provided by it for doing the work.

The claim that appellant owed appellee no duty is predicated upon his going to the wrong place to lodge his complaint against the conductor. He had, it is said, no business to be at appellant's car-barns and was there without its invitation. We can not concur in this contention. It appears from the proof that appellant maintained a large office at the barns; that appellee just before the assault occurred was standing in front of the window of appellant's clerk having charge of the office, asking him for the numbers of the car and of the conductor, as a preliminary to the making of his complaint. Under these circumstances appellee was not a trespasser. He believed himself to be in the proper place for lodging his complaint against the conductor; and if he was not, he had at least a right to ascertain from appellant's clerk where the proper place was.

The judgment is affirmed.